**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| AARON D. JOHNSON,<br><br>        Petitioner,<br><br>   v.<br><br>JEFFREY BEARD,<br><br>        Respondent. | No. CV 14-4164-RT (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |

On May 30, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the Central District of California. In the Petition, petitioner challenges his 1993 conviction for first degree murder and attempted murder, apparently alleging that he first became aware of potentially exculpatory evidence on July 28, 2011. (See Petition, Ground One-cont'd at 4). The Court observes that this is the sixth federal petition petitioner has filed in this Court.[1] Petitioner's first federal petition for writ of habeas corpus, challenging his 1993 conviction, was dismissed without prejudice for failure to exhaust state court remedies. (See Case No. CV 96-3868-DT (CT), Docket

---

[1] Previous federal petitions were filed under the following case numbers: CV 96-3868-DT (CT); CV 97-4416-RAP (CT); CV 98-0989-DT(JG); CV 00-04374-RSWL (CT); and CV 00-7869-DT (CT).

No. 4). Petitioner's second federal petition, raising the same grounds and again challenging his 1993 conviction, was dismissed without prejudice on June 25, 1997, for failure to exhaust state court remedies. (See Case No. CV 97-4416-RAP (CT), Docket No. 4). After the California Supreme Court's subsequent denial of petitioner's state habeas petition on December 23, 1997 (see Case No. CV 00-4374-RSWL (CT), Docket No. 3 at 2), petitioner filed his third federal petition, raising the same four grounds he had raised in his previous federal habeas petitions. (See Case No. CV 00-4374-RSWL (CT), Docket No. 3, at 3). The district judge dismissed the third federal habeas petition as time-barred on August 27, 1998. (See Case No. CV 98-0989-DT (JG), Docket Nos. 12, 15, 16). Petitioner's fourth federal petition, essentially alleging that he was "denied meaningful access to the courts because the California courts denied his requests for free copies of the clerk's and reporter's transcripts," was subsequently dismissed as a successive petition. (See Case No. CV 00-4374-RSWL (CT), Docket No. 3 at 3). A fifth federal petition, in which petitioner again challenged his 1993 conviction, was dismissed without prejudice as a successive petition in an order on August 3, 2000. (See Case No. CV 00-7869-DT (CT), Docket Nos. 5, 6).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his third federal habeas challenge, petitioner raised various grounds, including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, unlawful search and seizure, insufficient evidence, and the violation of petitioner's right to a fair trial. (See Case No. CV 00-4374-RSWL (CT), Docket No. 3 at 2-3). The action was considered and dismissed with prejudice as time-barred. (See id.; see also Case No. CV 00-7869-DT (CT), Docket No. 5 at 3).

In the instant Petition, petitioner challenges the same conviction[2] that he challenged in each of his previous federal petitions, setting forth the following grounds for relief: (1) "[t]he [t]rial [j]udge deprived [p]etitioner the opportunity to present newly discovered evidence[];" (2) "[t]rial counsel rendered ineffective assistance of counsel by failing to call witness Kevin Green to testify[;]" and (3) "[t]rial [c]ounsel rendered ineffective assistance of counsel by failing to investigate and research criminal case." (See Petition at 5-6). Even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition, he nevertheless is required to first seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted).

---

[2] Petitioner appears to argue, based on the discovery of new evidence on July 28, 2011, that the trial judge "deprived" him of "the opportunity to present newly[-]discovered evidence[,] which violates petitioner 5th and 14th amendment of the United States Constitution [sic]." (See Petition, Ground One-cont'd at 4).

Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as successive. Specifically, **no later than June 24, 2014**, petitioner must submit to the Court documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by June 24, 2014, will result in the instant Petition being summarily dismissed without prejudice.**[3] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

**IT IS SO ORDERED.**

DATED: June 3, 2014

_/s/ Paul L. Abrams_
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.