UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AARON D. JOHNSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY BEARD,<br><br>　　　　Respondent. | No. CV 14-4164-RT (PLA)<br><br>**ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION** |

On May 30, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). In the Petition, petitioner challenges his 1993 conviction for first degree murder, apparently alleging that he first became aware of potentially exculpatory evidence in July, 2011. (See Petition, attachment at 4). This is the sixth federal petition petitioner has filed in this Court.[1] Petitioner's first federal petition for writ of habeas corpus, challenging his 1993 conviction, was dismissed without prejudice for failure to exhaust state court remedies. (See Case No. CV 96-3868-DT (CT), Docket No. 4). Petitioner's second federal petition, raising the same grounds and again challenging his 1993 conviction, was

---

[1] Previous federal petitions were filed under the following case numbers: CV 96-3868-DT (CT); CV 97-4416-RAP (CT); CV 98-0989-DT(JG); CV 00-04374-RSWL (CT); and CV 00-7869-DT (CT).

dismissed without prejudice on June 25, 1997, for failure to exhaust state court remedies. (See Case No. CV 97-4416-RAP (CT), Docket No. 4). After the California Supreme Court's subsequent denial of petitioner's state habeas petition on December 23, 1997 (see Case No. CV 00-4374-RSWL (CT), Docket No. 3 at 2), petitioner filed his third federal petition, raising the same four grounds he had raised in his previous federal habeas petitions. (See Case No. CV 00-4374-RSWL (CT), Docket No. 3, at 3). The district judge dismissed the third federal habeas petition with prejudice as time barred on August 27, 1998.[2] (See Case No. CV 98-0989-DT (JG), Docket Nos. 12, 15, 16). Petitioner's fourth federal petition, essentially alleging that he was "denied meaningful access to the courts because the California courts denied his requests for free copies of the clerk's and reporter's transcripts," was subsequently dismissed as a successive petition. (See Case No. CV 00-4374-RSWL (CT), Docket No. 3 at 3). A fifth federal petition, in which petitioner again challenged his 1993 conviction, was dismissed without prejudice as a successive petition in an order on August 3, 2000. (See Case No. CV 00-7869-DT (CT), Docket Nos. 5, 6).

On June 3, 2014, the Magistrate Judge ordered petitioner to show cause why his latest Petition should not be dismissed as successive. On June 23, 2014, petitioner filed a "Notice of Motion Extension of Time for 30 Days" ("Motion"), seeking an extension of time in which to file an application in the Ninth Circuit for leave to file a second or successive petition, and explaining that he "was suppose[d] to first file a motion for leave to file a second or successive petition." (Motion at 1-2).[3]

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and

---

[2] The Ninth Circuit has held that "the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

[3] Petitioner additionally indicates that he has dyslexia, and that he has "development disabilities program" ("DDP") status at Corcoran State Prison, where he is incarcerated. (Motion at 2). Petitioner's DDP status does not affect the Court's analysis with regard to the successive nature of his Petition.

Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his third federal habeas challenge, petitioner raised various grounds, including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, unlawful search and seizure, insufficient evidence, and the violation of petitioner's right to a fair trial. (See Case No. CV 00-4374-RSWL (CT), Docket No. 3 at 2-3). The action was considered and dismissed with prejudice as time-barred. (Case No. CV 98-989-DT (JG), Docket No. 16; see also Case No. CV 00-4374-RSWL (CT), Docket No. 3 at 1; Case No. CV 00-7869-DT (CT), Docket No. 5 at 1).

In the instant Petition, petitioner challenges the same conviction that he challenged in each of his previous federal petitions, setting forth the following grounds for relief: (1) "[t]he [t]rial [j]udge deprived [p]etitioner the opportunity to present newly discovered evidence[];" (2) "[t]rial counsel rendered ineffective assistance of counsel by failing to call witness Kevin Green to testify[;]" and (3) "[t]rial [c]ounsel rendered ineffective assistance of counsel by failing to investigate and research criminal case." (See Petition at 5-6). Even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition, he nevertheless is required to first seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. §

2244(b)(3)(A). Here, petitioner concedes in his Motion that he erred in filing the instant Petition prior to obtaining leave from the Ninth Circuit. (See Motion at 1-2); see Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Since petitioner has not received authorization, the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted).

Accordingly, the Court will dismiss the Petition[4] without prejudice to petitioner filing a new action **if and when he obtains permission to file a successive petition**.[5]

Based on the foregoing, IT IS ORDERED THAT the Petition is summarily dismissed without prejudice for lack of jurisdiction. See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

**IT IS SO ORDERED.**

DATED: June 15, 2014

HONORABLE ROBERT J. TIMLIN
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] To the extent petitioner, in his Motion, seeks a 30-day extension of time from this Court in order to file his application for leave to file a second or successive petition with the Ninth Circuit (see infra, n. 5), petitioner's Motion is **denied**.

[5] Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.
If petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.